JOHN BOGGS, ADMINISTRATOR OF JAMES TAYLOR WITH WILL ANNEXED, v. GEORGE H. C. TAYLOR ET AL.

ERROR to the District Court of Muskingum county.

The questions in this case arise upon an account of the plaintiff in error, filed in the Probate Court of Muskingum

county, and involve a construction of the following clause in the will of the deceased : "I give unto my beloved wife, Jane Taylor, . . . the interest arising from all debts due me, and the interest or dividends of all the bank stock of which I may die possessed; provided, however, that such debts or bank stock is not to be diminished in the amount of principal or stock."

The residuum of the testator's estate, including the above-mentioned "debts" and "bank stock" was bequeathed to the defendants in error, to be divided among them after the death of Jane Taylor. She is now dead.

Of the principal of these debts and bank stock, there had come into the hands of the administrator, at the date of his account, the sum of $16,927.25, and of interest realized thereon, the further sum of $2,031.24. No other funds belonging to the estate came into his possession. During his administration, divers sums of money had been paid out by him on account of the costs and expenses of administration; others on account of taxes. The entire amount of interest realized had been paid to Jane Taylor, and the administrator claimed credit for the further sum of $458.54, on account of his commissions.

The chief controversy is between the estate of Jane Boggs (formerly Jane Taylor) and the residuary legatees.

*Ball & O'Neil,* and *A. W. Train,* for plaintiff in error.
*Lucius P. Marsh,* for defendant in error.

BY THE COURT. The account of the administrator should be settled in accordance with the following principles :

1. The interest or income which accrued from these funds during the lifetime of Jane Taylor, subject to the charges below specified, belongs absolutely to her estate. See *Davis* v. *Boggs,* 20 Ohio St. 550.

2. The income should be charged with the payment of all taxes on account of the principal during her lifetime.

3. The income should also be charged with the costs and

expenses incurred on account thereof, and all other administrative expenses should be paid out of the residuum.

4. Commissions due to the administrator should be charged against the principal and the income, in proportion to their respective amounts.

Judgments of the district and common pleas courts reversed, and cause remanded to the common pleas.